UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JAMES J. WILLIAMS,            )
                              )
           Petitioner,        )
                              )
v.                            )   No. 02-2264
                              )
                              )
STEVEN BRYANT, Warden of      )
Graham Correctional Center,   )
                              )
           Respondent.        )

ORDER

The petitioner, James J. Williams ("Williams"), was convicted in the Circuit Court, Kankakee County, Illinois, of first-degree murder. He was sentenced to a thirty-year term of imprisonment. His conviction and sentence were affirmed on direct appeal, and state post-conviction relief was denied.

Williams has filed a petition for a writ of habeas corpus [#1] and supplemental brief [#2], raising nine claims. Respondent Steven Bryant has filed an answer to the petition [#8] and supporting exhibits [#9].

For the following reasons, the petition for a writ of habeas corpus is denied.

BACKGROUND

Lewis Williams III[1] was shot to death in Kankakee, Illinois on July 10, 1996. The police sought Williams for questioning after they learned that he and the victim had been involved in an ongoing disagreement. The police found that Williams had moved to Arizona and went there to question him. The police had with them a warrant for Williams's arrest on an unrelated domestic battery charge. During the interrogation, Williams confessed to the crime and was charged with murder.

At a hearing on a motion to suppress the confession, Kankakee police officer Robin Passwater testified that he read Williams a *Miranda* form before the first round of questioning began, and both he and Williams signed the form indicating that Williams had been read and understood his rights. Officer Passwater testified that he never threatened or made any promises to Williams during the interrogation, and that Williams never asked for an attorney. During the course of the initial questioning, Williams

---

[1] Lewis Williams was not related to the petitioner. To avoid confusion, he will be referred to as "the victim."

1

admitted that he had been in the area and witnessed the shooting, but denied that he had shot the victim.  The officers typed this initial statement, and both they and Williams signed the statement. After a short break, the police continued to interview Williams without re-reading him his *Miranda* rights.  Williams ultimately confessed to the crime.  His second statement was typed, and both Williams and Officer Passwater signed the statement.  An Arizona police officer observed the questioning from an adjacent room and testified to essentially the same facts.

Williams told a different story.  He testified that when he first spoke to Officer Passwater, he immediately requested an attorney but Officer Passwater told him he did not need counsel.  Williams also testified the Officer Passwater put his hands on Williams's shoulders and pulled his shirt.  Williams testified that he gave his first statement after an Arizona police officer grabbed him and said that he knew Williams was lying, and that no one would believe him because they were the police.  Williams also testified that the officers called him a "mother fucker" and threatened to "kick his ass" two or three times during the course of the interrogation.  Williams testified that he continued to ask for an attorney and ultimately confessed only because the officers continued to threaten him.  Williams also denied signing either written statement or receiving *Miranda* warnings.  He maintained that he remained handcuffed throughout the interview.  The trial judge denied Williams's motion to suppress the confession.

A jury later convicted Williams of first-degree murder.  At the sentencing hearing, Williams submitted a written statement to the court in which he maintained his innocence.  In sentencing the defendant, the trial court stated:  "[O]ne thing I have not heard or seen is any remorse.  You certainly have the right to maintain your innocence….  But you have a factor that the Court can consider, the lack of remorse."  The trial court sentenced Williams to a thirty-year term of imprisonment.

## PROCEDURAL HISTORY

### Direct appeal

Williams raised four claims on direct appeal to the Illinois Appellate Court:  (1) the trial court improperly admitted testimony regarding the unrelated domestic battery charge; (2) the State failed to prove Williams guilty beyond a reasonable doubt; (3) the trial court erred at sentencing when it considered Williams's lack of remorse as an aggravating factor; and (4) the truth-in-sentencing law was unconstitutional.  The appellate court affirmed Williams' conviction and sentence.

Williams then filed a petition for leave to appeal to the Illinois Supreme Court, raising two claims:  (1) Williams was denied his right to challenge his sentence when the appellate court refused to consider the unconstitutionality of the truth-in-sentencing law; and (2) the trial court erred in considering Williams's lack of remorse as an aggravating factor in determining an appropriate sentence when Williams maintained his innocence throughout the trial.  The Supreme Court denied leave to appeal, but issued a supervisory

order directing the appellate court to vacate its judgment on the first issue.

The Illinois Appellate Court reinstated its order but determined Williams was eligible to receive good conduct credit to which he was entitled before the enactment of the truth-in-sentencing law.

### Post-conviction review

Williams filed a petition for post-conviction relief, raising the following issues: (1) the trial court erred during the questioning of potential jurors; (2) counsel was ineffective in failing to move for dismissal of his case; (3) Williams was denied a fair trial when the State presented perjured testimony from (a) Vicki Kroll and (b) Officer Passwater; and (4) Williams was arrested without a warrant or probable cause, and was extradited without a Governor's warrant.[2] The petition was summarily dismissed as frivolous and patently without merit. Williams did not appeal that ruling.

Williams filed a second post-conviction petition. He raised two issues: (1) that Public Act 88-680 was unconstitutional under *People v. Cervantes*, 723 N.E.2d 265 (Ill. 1999), and (2) the trial court erred when it relied on factors affected by *Cervantes*. The trial court summarily dismissed the second petition as frivolous and patently without merit, and unsupported by fact or law.

Williams appealed the dismissal of his second post-conviction petition, raising only one issue. Williams argued that the summary dismissal provision of Illinois' Post-Conviction Hearing Act, 725 Ill. Comp. Stat. 5/122-2.1, was unconstitutional because it was enacted in violation of the single-subject rule. The appellate court upheld the dismissal, and the Supreme Court denied the request for leave to appeal.

Williams subsequently filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### ANALYSIS

I.  Legal Standard

Because Williams filed his habeas petition after April 24, 1996, the petition is reviewed pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *Rodriguez v. Scillia*, 193 F.3d 913, 916 (7th Cir. 1999). Before reaching the merits of a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254, a district court must consider "whether the petitioner exhausted all available state remedies and whether the petitioner raised all his federal claims during the course of the state

---

[2] A copy of the petition was not provided to the court. However, Exhibit J of the respondent's brief – the petitioner's January 17, 2002 brief to the Illinois Appellate Court – recounts the procedural history and states that these five arguments were asserted.

proceedings." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991).

The United States Supreme Court has held that procedural default occurs when a petitioner fails to "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 848 (1999).  A habeas petitioner's failure to seek leave to appeal to the state's highest court constitutes a failure to have properly exhausted state remedies, and the petitioner is deemed to have procedurally defaulted the claim.  *O'Sullivan,* 526 U.S. at 847-48.

Procedurally defaulted claims are barred from federal review unless the petitioner can demonstrate cause and prejudice.  *Rodriguez*, 193 F.3d at 917 (*citing Wainwright v. Sykes*, 433 U.S. 72 (1977)).  However, the federal court may review the case if a fundamental miscarriage of justice would occur in that a constitutional error probably resulted in the conviction of someone who is actually innocent.  *Rodriguez*, 193 F.3d at 917.

With respect to claims that are not otherwise barred, federal courts employ a strict analysis.  A petition must be denied with respect to any claim previously adjudicated on the merits in a state court unless the decision of the state court:  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  28 U.S.C. § 2254(d)(1)-(2).

II.  Petitioner's Claims

Williams advances nine claims in his habeas petition:  (1) the trial judge erred by allowing the introduction of evidence of the unrelated domestic battery charge; (2) the State failed to prove Williams guilty beyond a reasonable doubt; (3) the trial court erred in considering Williams's lack of remorse as an aggravating factor during sentencing; (4) the trial court erred in failing to properly question the jury during *voir dire*; (5) trial counsel provided ineffective assistance in not challenging Williams' excessive detention before trial; (6) and (7) two witnesses provided perjured testimony, thereby depriving Williams of his Fourteenth Amendment right to due process; (8) the police illegally extradited Williams across state lines without a warrant; and (9) the police coerced Williams into confessing by use of threatened and actual physical force and failing to heed Williams' invocation of his right to counsel during interrogation.

The respondent argues that claims 1-2 and 4-9 are procedurally defaulted, and claim 3 is not cognizable.

Williams raised Claims 1 and 2 on direct appeal; however, he failed to raise them in his petition for leave to appeal to the Illinois Supreme Court.  He raised Claims 4, 5, 6,

7, and 8 in his post-conviction petition. However, he did not appeal the trial court's dismissal of that petition. Thus, these claims are procedurally defaulted. *O'Sullivan*, 526 U.S. at 847-48. Williams offers no evidence of cause and prejudice to excuse the default and provides no explanation as to how refusal to consider these claims would constitute a fundamental miscarriage of justice.

In Claim 9, Williams asserts that his constitutional rights were violated when the police continued to interrogate him after he requested an attorney and coerced him to confess through the use of threatened and actual physical force. Williams did not raise this claim in either his direct appeal or post-conviction review.

Under limited circumstances, a federal court may review a claim raised for the first time at the federal level. If a petitioner has failed to develop the factual basis of a claim in state court, a federal court can grant relief only if the claim if relies on: (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (2) a factual predicate that could not have been previously discovered through the exercise of due diligence. 28 U.S.C. § 2254(e)(2).

The constitutional prohibition against coerced confessions is clearly not a new rule of constitutional law. *See, e.g., Brown v. Mississippi*, 297 U.S. 278 (1936). The factual assertions underlying this claim were known to Williams since he was first arrested and questioned. Accordingly, Williams's ninth claim fails to meet either of the two exceptions provided by Section 2254(e). This claim is procedurally defaulted.

In Claim 3, Williams argues that the trial judge improperly considered his failure to show remorse as an aggravating factor in determining his sentence. Unlike Williams's other claims, Claim 3 was raised on direct appeal and presented to the Illinois Supreme Court in a petition for leave to appeal. Accordingly, this court can consider the merits of the claim. To succeed on this claim, Williams must show that the state court proceedings: (1) resulted in a decision that was clearly contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d). Although this claim has not been procedurally defaulted, it is unavailing.

Williams maintains that the trial judge erred in using his lack of remorse as an aggravating factor because he had the right to maintain his innocence without incurring a more severe sentence for doing so. Illinois law prohibits a court from imposing a more severe sentence on a defendant who claims he is innocent at the time of the sentencing. *People v. Speed*, 472 N.E.2d 572, 573-74 (Ill. App. Ct. 1984). The state court's decision implicates an issue of state, rather than federal, law.

Furthermore, the state court's decision was not unreasonable in light of the facts presented at trial.  *See* 28 U.S.C. § 2254(d), (e).  The trial judge listed several aggravating factors, including his concern with the nature of the crime, the brutality of the crime, and Williams's prior record.  The judge noted that the sentence imposed was more than the minimum of twenty years, but less than the forty-five years sought by the State. The judge's reliance on the lack of remorse as an aggravating factor was given no independent weight, but was one of several factors leading to a sentence well within the sentencing range.  Accordingly, habeas relief on this ground is denied.

## CONCLUSION

For the foregoing reasons, the court denies Smith's petition for a writ of habeas corpus [#1] in its entirety.  This case is terminated.

Entered this 21st day of March, 2006.


**s\Harold A. Baker**
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE